FILED
Jeffrey A. Apperson, Clerk
DEC 17 2008
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Criminal ~~CIVIL~~ ACTION NO. 3:06-CR-127-H

UNITED STATES OF AMERICA              PLAINTIFF

V.

MICHAEL BENNETT              DEFENDANT

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The

defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. For instance, the indictment is not any evidence of guilt. It is just a formal way that the government tells the defendant what crime he is accused of committing. It does not even raise a suspicion of guilt.

Remember that anything the lawyers say is not evidence in the case. It is your own

recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits that reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

The defendant has an absolute right not to testify. The defendant need not prove anything. Therefore, the fact that the defendant did not testify cannot be considered by you in any way during your deliberations. Furthermore, you have heard that before this trial the defendant was convicted of a crime. This earlier conviction was brought to your attention only to establish that he was convicted of a felony prior to June 21, 2006. You cannot use it for any other purpose. It is not evidence that he is possessed the ammunition at issue.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their

testimony deserves. Remember, witnesses are not the property of either defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

Count One:

For you to find the defendant guilty of this crime, you must find that the United States has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

Second: That following his conviction, the defendant knowingly possessed ammunition as specified in the indictment.

Third: That the specified ammunition crossed a state line prior to the alleged possession. It is sufficient for this element to show that the ammunition was manufactured in a state other than Kentucky. The United States and the defendant have agreed that the specified ammunition crossed a state line prior to the alleged possession.

Now I will give you more detailed instructions on some of these elements.

(A) The defendant does not have to own the ammunition in order to possess the ammunition.

(B) The term "ammunition" means ammunition or cartridge cases, primers, bullets or propellant powder designed for use in any firearm.

(C) The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(D) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(E) The indictment charges that the crime happened "on or about" June 21, 2006. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

(F) It is not a defense to the charged offense that the defendant was ignorant of his disqualification from owning or possessing ammunition. All that is necessary is that he knew he possessed ammunition.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the ammunition for you to find him guilty of this crime. The law recognizes two kinds of possession — actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

5

To establish actual possession, the government must prove that the defendant had direct, physical control over the ammunition, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the ammunition, and knew that he had this right, and that he intended to exercise physical control over the ammunition at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the ammunition, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.